MARY A. SMITH, Admx., &c., *v.* W. S. CHEW et al.

1. EXECUTOR AND ADMINISTRATOR: SALE OF SLAVES BY: NOTICE.—An order to
   sell slaves, for the payment of debts, may be made without notice to the dis-
   tributees. See Hutch. Dig. 669, § 109.
2. PROBATE COURT: JURISDICTION TO ANNUL A SALE: CHANCERY: JURISDICTION.
   —The Court of Probates has no jurisdiction to annul an administrator's sale,
   for fraud, after the term at which it was confirmed: in such a case, the remedy
   of the heirs is in equity.

ERROR to the Court of Probates of Wilkinson county.   Hon.
Francis Gildart, judge.

This was a bill of review, filed by the heirs of Joseph Smith
against his administratrix, to annul a sale of slaves belonging to
the estate.   Two grounds are set up in the bill, upon which an an-
nulment of the sale is sought.   1st.  It is charged that no notice of
the application to make the sale was ever given to W. S. Chew,
one of the petitioners.   2d.  That the administratrix fraudulently
procured the slaves to be purchased for her use, by her brother,
and that in consequence of the slaves having been sold in large
lots, they brought a very inadequate price.

It appears from the record, that the slaves were sold, on the ap-
plication of the administratrix, to pay debts, and that report of the
sale had been regularly made, and the sale confirmed, at a term
previous to the filing of the petition.   These facts were relied on
by the administratrix to defeat the claims of complainants.

On final hearing, the court annulled the sale, and from this
decree the administratrix sued out this writ of error.

*H. F. Simrall,* for plaintiff in error,

Among other positions, insisted that the Court of Probates had
no jurisdiction to annul the sale for fraud, and that the statute did
not require notice of the application for a sale for the payment of
debts.   He cited and relied on Hutch. Dig. 669, § 109; Lomax on
Exors. 344; 4 Cushm. 139, 140, 141; *Bland* v. *Muncaster*, 24
Miss. 62; *Hurd* v. *Smith*, 5 Howard (Miss. R.) 562; *Planters' Bank*

v. *Neely*, 7 Ib. 80; *Turnbull* v. *Endicott*, 3 S. & M. 302; 4 Cushm. 598.

*Dillingham* and *Merwin*, for defendants in error,

Contended, 1st. That notice was essential to the validity of the order of sale. 6 How. 106; 10 Pet. 161; 1 Dev. 187. 2d. That the Court of Probates had jurisdiction. *Planters' Bank* v. *Neely*, 7 How. 96; 4 Kent. 191; 4 J. C. R. 609.

FISHER, J., delivered the opinion of the court.

The complainants, as distributees of the estate of Joseph Smith, deceased, filed this bill of review in the Probate Court of Wilkinson county, alleging that the administratrix of said estate had sold the larger portion of the slaves of the intestate, under an order of the said court, without notice to the distributees, and that the sale was for this reason void.

The sale appears to have been made for the purpose of paying the debts of the intestate; and the statute not requiring notice, in such case, to the distributees, none was necessary; and the order directing the sale is, therefore, valid. Hutch. Code, 669.

It is again said that the sale was fraudulently conducted, with a view to having the slaves purchased in the name of a third party, for the benefit of the administratrix. The sale appears to have been reported to the Probate Court within the time required by law, and was, by the court, confirmed. Under this state of the case, the court has lost all jurisdiction of the subject-matter, so far as the purchaser is concerned. If it be true that the administratrix procured her brother to purchase the slaves for her, that the purchase was made in his name, and that the sale was not made in good faith, and in a manner to promote the interest of the distributees, it can be set aside, in a court of equity, on the ground of fraud. It would be treated as a purchase made by the administratrix, at her own sale, and liable to be set aside within a reasonable time by the distributees. The title, for the purposes of justice, would remain with the administratrix, and she would still be liable to account in that character.

Under this view, we think the court below erred in vacating the order of sale, and in the decree rendered.

Decree reversed and bill dismissed.